UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAN KORACH, *Individually and On Behalf of All Others Similarly Situated*,<br><br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG WU and YAO ZHAO,<br><br>　　　　　　　Defendants. | Civil Action No.: 11 CIV 2666<br><br><u>CLASS ACTION</u> |
| HARRIET GOLDSTEIN, *Individually and On Behalf of All Others Similarly Situated*,<br><br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG "LABY" WU, YAO ZHAO, BREAN MURRAY, CARRET & CO., LLC and MACQUARIE CAPITAL (USA) INC.,<br><br>　　　　　　　Defendants. | Civil Action No.: 11 CIV 2598<br><br><u>CLASS ACTION</u> |
| LIONEL TALLANT, *Individually and On Behalf of All Others Similarly Situated*,<br><br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, and QIONG WU,<br><br>　　　　　　　Defendants. | Civil Action No.: 11 CIV 2608<br><br><u>CLASS ACTION</u> |

[*Caption Continued on Following Page*]

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO CONSOLIDATE RELATED CASES, TO APPOINT THE BLANKENSHIP FAMILY AS LEAD PLAINTIFF, AND TO APPROVE THE SELECTION OF LEAD COUNSEL

|  |  |  |
|---|---|---|
| STEVEN WEISMANN, *Individually and On Behalf of All Others Similarly Situated*, | : : : | Civil Action No.: 11 CIV 2609 |
|  | : | <u>CLASS ACTION</u> |
| Plaintiff, | : : |  |
| vs. | : : |  |
| PUDA COAL, INC., MING ZHAO, LIPING ZHU, and QIONG WU, | : : : : |  |
| Defendants. | : : |  |

|  |  |  |
|---|---|---|
| ALEXIS ALEXANDER, *Individually and On Behalf of All Others Similarly Situated*, | : : : | Civil Action No.: 11 CIV 2657 |
|  | : | <u>CLASS ACTION</u> |
| Plaintiff, | : : |  |
| vs. | : : |  |
| MING ZHAO, LIPING ZHU, QIONG WU, JIANFEI NI, C. MARK TANG, LAWRENCE S. WIZEL AND PUDA COAL, INC., | : : : : : |  |
| Defendants. | : : |  |

|  |  |  |
|---|---|---|
| THOMAS ROSENBERGER, *Individually and On Behalf of All Others Similarly Situated*, | : : : | Civil Action No.: 11 CIV 2660 |
|  | : | <u>CLASS ACTION</u> |
| Plaintiff, | : : |  |
| vs. | : : |  |
| PUDA COAL, INC., LIPING ZHU, QIONG WU, and MING ZHAO, | : : : : |  |
| Defendants. | : : |  |

[*Caption Continued on Following Page*]

| | | |
|---|---|---|
| ALAN GINSBERG, *Individually and On Behalf of All Others Similarly Situated*, | : : : | Civil Action No.: 11 CIV 2671 |
| Plaintiff, | : : | <u>CLASS ACTION</u> |
| vs. | : : | |
| PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG WU, JIANFEI NI, C. MARK TANG, LAWRENCE WIZEL, and MOORE STEPHENS INTERNATIONAL LTD., | : : : : : | |
| Defendants. | : : | |
| THOMAS AND CLAUDIA KENDALL, *Individually and On Behalf of All Others Similarly Situated*, | : : : : | Civil Action No.: 11 CIV 2695 |
| Plaintiffs, | : : | <u>CLASS ACTION</u> |
| vs. | : : | |
| PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG (LABY) WU, and YAO ZHAO, | : : : | |
| Defendants. | : : | |

**TABLE OF CONTENTS**

I.   STATEMENT OF FACTS ............................................................................................... - 1 -

II.  ARGUMENT .................................................................................................................. - 2 -

   A.  The Related Actions Should Be Consolidated ............................................................ - 2 -

   B.  The Blankenship Family Satisfies the Lead Plaintiff Requirements of the PSLRA ............................................................................................................................. - 3 -

   C.  The Blankenship Family Is a Permissible Group ....................................................... - 4 -

   D.  The Blankenship Family has the Largest Financial Interest in the Relief Sought by the Class ................................................................................................... - 6 -

   E.  The Blankenship Family Satisfies the Requirements of Federal Rule of Civil Procedure Rule 23 ........................................................................................... - 6 -

       1.  The Blankenship Family's Claims Are Typical of the Claims of All the Class Members ............................................................................................ - 7 -

       2.  The Blankenship Family Will Adequately Represent the Interests of the Class ........................................................................................................ - 7 -

   F.  The Blankenship Family's Selection of Lead Counsel Should Be Approved ..................................................................................................................... - 8 -

III. CONCLUSION ............................................................................................................... - 9 -

Class members, Kayla Clarke Blankenship, Jo Blankenship, Samuel Aaron Blankenship and Samuel Albert Blankenship (collectively the "Blankenship Family" or "Movant") respectfully submit this Memorandum of Law in support of their Motion: (1) to consolidate the related cases; (2) to be appointed as Lead Plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3); and (3) for approval of their selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the Class.

## I.     STATEMENT OF FACTS

This is a federal securities class action brought on behalf of investors who purchased common stock of Puda Coal, Inc. (referred to hereinafter as the "Company" or "Puda"). The class consists of those investors who purchased Puda securities between November 13, 2009, and April 11, 2011 (the "Class Period").[1]  Puda was traded on the American Stock Exchange ("AMEX") during the Class Period.

The Company operates as a supplier of premium high-grade coking coal used to produce coke for steel manufacturing in the People's Republic of China ("PRC"). The Company has also recently been appointed as a designated acquirer and consolidator of coal mine consolidation projects by the Chinese government, called the Pinglu Project and the Jianhe Project. During the Class Period, Puda's operations were represented to have been "conducted exclusively" through its 90% owned subsidiary, Shanxi Coal. These operations were represented to include the processing and sale of high-grade metallurgical coking coal to industrial enterprises in China, which respectively yielded annual revenues and net income of $325 million and $23.5 million in 2010 and $214 million and $5.5 million in 2009.

In truth, just before the start of the Class Period, Defendants Ming Zhao and Yao Zhao raided the Company's primary operating entity, Shanxi Coal, thereby rendering Puda nothing more than an empty shell company. The complaint alleges: (i) that, prior to the beginning of the Class Period, certain of the individual defendants fraudulently transferred Puda's ownership interest to defendant Ming Zhao; (ii) that Puda was nothing more than a shell company during the Class Period; (iii) that Puda's reported operating results and financial condition were materially overstated; (iv) that Puda's financial statements

---

[1]    The facts are gathered from the April 14, 2011, complaint captioned *Korach v. Puda Coal, Inc. et al.,* No. 11-cv-2666-JSR.

were not fairly presented in conformity with U.S. Generally Accepted Accounting Principles and were materially false and misleading; (v) that Puda was operating with material deficiencies in its system of internal control over its financial reporting; and (vi) that, based on the foregoing, Defendants lacked a reasonable basis for their positive statements about the Company, its prospects and growth.

On April 8, 2011, Puda issued a press release announcing that it was currently reviewing the allegations regarding improper share transactions by defendant Ming Zhao, which were published in an article entitled "Puda Coal Chairman Secretly Sold Half the Company and Pledged the Other Half to Chinese PE Investors" by a short-seller that same day.  In reaction to the short-seller's article and the Company's press release, shares of the Company's stock declined more than 34% on April 8, 2011, on extremely heavy trading volume.  On April 11, 2011, Puda announced that it had unanimously ratified the Audit Committee's decision to launch a full investigation into the allegations raised in the short-seller's article alleging various unauthorized transactions in the shares of a subsidiary company, Shanxi Coal.  The April 11, 2011, press release noted that, "[a]lthough the investigation is in its preliminary stages, evidence supports the allegation that there were transfers by Mr. Zhao in subsidiary ownership that were inconsistent with disclosure made by the Company in its public securities filings.  Mr. Zhao has agreed to a voluntarily [sic] leave of absence as Chairman of the Board of the Company until the investigation is complete."  In response to the above announcement, trading in the Company's stock was halted on April 11, 2011.

    **II.**     **ARGUMENT**

        **A.**     **The Related Actions Should Be Consolidated**

"[I]f more than one action on behalf of a class asserting substantially the same claim or claims" is filed, the PSLRA requires courts to consider motions to consolidate related actions prior to appointing a Lead Plaintiff.  *See, e.g.*, 15 U.S.C. § 78u-4(a)(3)(B)(ii) (*emphasis added*); *see also Corwin v. Seizinger*, No. 07 Civ. 6728, 2008 U.S. Dist. LEXIS 3045, at *2 (S.D.N.Y. Jan. 8, 2008) (consolidating related actions prior to appointing lead plaintiff).  Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is proper for cases involving common questions of law and fact.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  "[S]o long as any confusion or prejudice does not

outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

To date, the Blankenship Family has identified eight related cases in this district that should be consolidated.[2] Each of those eight actions, listed in the captions above, are on behalf of purchasers of Puda securities who purchased in reliance on the Defendants' materially false and misleading statements and/or omissions during the Class Period. The Related Actions also assert essentially similar and overlapping claims for alleged violations of the federal securities laws and are based on a common set of facts.[3] Accordingly, the Related Actions are appropriate for consolidation.

### B. The Blankenship Family Satisfies the Lead Plaintiff Requirements of the PSLRA

The PSLRA provides the procedure that governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I). First, the plaintiff who files the initial action must publish notice to the class within twenty days of filing the initial action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the class action was filed on April 14, 2011, and notice was published that same day. *See* Declaration of Reed R. Kathrein in Support of Motion of the Blankenship Family for Consolidation, Appointment as Lead Plaintiff and Approval of Proposed Lead Counsel, filed concurrently herewith. ("Kathrein Decl."), Ex. A (notice of pendency). Within sixty days after publication of notice, "any person" who is a member of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

Once the motions have been filed, the Court is charged with selecting the class member most capable of adequately representing the interests of the class to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). The Court:

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be ***most capable of adequately***

---

[2] Although the Complaints allege slightly different Class Periods, such differences are insufficient to defeat the efficiencies gained by consolidating these related cases. *See, e.g., Davidson v. E*Trade Fin. Corp.*, No. 07-cv-10400, 2008 U.S. Dist. LEXIS 61265, at *7-*8 (S.D.N.Y. July 16, 2008) (consolidating securities class actions alleging different Class Periods). The complaint in *Rosenberger v. Puda Coal, Inc., et al.,* No. 11-cv-2660-BSJ, alleges a Class Period of September 15, 2009, to April 8, 2011.

[3] Three substantially similar cases were filed in the Central District of California between April 14, 2011, and June 7, 2011.

>    *representing the interests of class members* in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The "most adequate plaintiff" assumes a rebuttable presumption that:

> . . . [T]he most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) *in the determination of the court, has the largest financial interest in the relief sought by the class*; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

Only by a showing that a Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under this statutory test, the Blankenship Family is the "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed Class. The Blankenship Family has timely moved this Court for appointment as Lead Plaintiff in accordance with the PSLRA and has the willingness, resources and expertise to obtain excellent results for the Class. Consequently, this Court should appoint the Blankenship Family as Lead Plaintiff and approve Movant's selection of Hagens Berman as Lead Counsel for the Class.

## C.     The Blankenship Family Is a Permissible Group

The PSLRA permits groups of investors to serve as lead plaintiffs. Specifically, the PSRLA provides that a court "shall appoint as lead plaintiff the member *or members* of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, a "person or group of persons" may be an

- 4 -

adequate lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing group of seven to serve as lead plaintiff).

In the appropriate circumstances, this Court has repeatedly approved aggregating groups of investors to serve as lead plaintiff in securities cases governed by the PSRLA.  *See Reimer v. Ambac Fin. Group, Inc.*, No. 08 Civ. 411, 2008 U.S. Dist. LEXIS 38729, at * 8-*9 (S.D.N.Y. May 9, 2008) (explaining that disallowing unrelated class members to aggregate and serve as lead plaintiff is "now the minority view."); *In re Fuqi Int'l. Inc. Sec. Litig.*, Case No. 10-cv-2556 (DAB), at 15 (ECF No. 19, July 26, 2010) (same).  This Court recently noted that allowing a group to serve as lead plaintiff is appropriate where there is evidence that "unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394 (S.D.N.Y. 2008).  Among the factors the court considers in assessing a proposed lead plaintiff group are:  1) any pre-litigation relationship among the members; 2) group members' involvement in the litigation thus far; 3) the group members' plans for cooperation; 4) members' level of sophistication; and 5) whether members chose outside counsel.  *Id*.

Here, the Blankenship Family is a family group with a longstanding relationship that predates seeking appointment as a Lead Plaintiff.  *See* Kathrein Decl., ¶ 2.  The members of the Blankenship Family have the desire and ability to cooperate to further the interests of the Class and to manage this litigation.  They have also demonstrated their commitment to managing this litigation and their plans to continue doing so.  The members of the group are sophisticated individuals and they chose outside counsel rather than the other way around.  Indeed, the members of the Blankenship Family are aware that they can choose any law firm, but they have determined that they wish to proceed with proposed Lead Counsel, Hagens Berman.  The Blankenship Family intends to participate directly in this litigation and is willing and able to serve as a class representative.  They have established a method for communicating among themselves and with counsel and are exactly the proactive group the PSRLA envisions leading a securities class action such as the one at issue here.  Accordingly, the Blankenship

- 5 -

Family satisfies the requirements of the PSLRA and respectfully suggests that they are a permissible group.

### D. The Blankenship Family has the Largest Financial Interest in the Relief Sought by the Class

As a result of Movant's purchases of Puda securities throughout the Class Period, the Blankenship Family has an aggregate financial interest of $443,848.82. Kathrein Decl., Exs. B and C. In sum, the Blankenship Family spent $1,373,039.30 to acquire shares of Puda stock. The Blankenship Family believes it has the largest financial interest in this class action compared to any other party moving for Lead Plaintiff. The PSLRA provides that there is a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . ." *Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). The Blankenship Family, therefore, is presumptively the "most adequate plaintiff" pursuant to the PSLRA.

### E. The Blankenship Family Satisfies the Requirements of Federal Rule of Civil Procedure Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provide that the Lead Plaintiff must satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a). *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, prima facie showing that his or her claims satisfy the requirements of Rule 23."). At this stage of the litigation, "typicality and adequacy of representation are the only provisions of Rule 23 relevant to the determination of lead plaintiff under the PSLRA." *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). *See also Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 U.S. Dist. LEXIS 95506, at *11-*12 (S.D.N.Y. Nov. 24, 2008) ("In a motion to be appointed as lead plaintiff, a class member need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied."). As detailed below, the Blankenship Family satisfies both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action.

### 1. The Blankenship Family's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs' claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Reimer*, 2008 U.S. Dist. LEXIS 38729, at *12 ("[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

In this case, the typicality requirement is met because the Blankenship Family's claims are identical to the claims of the other Class Members. Like all Puda investors, the Blankenship Family purchased shares of Puda. The Blankenship Family and all the members of the Class purchased Puda securities when the stock prices were artificially inflated as a result of Defendants' misrepresentations and omissions, and thus, both the Blankenship Family and the Class Members suffered damages as a result of these purchases. Simply put, the Blankenship Family, like all the other Class Members: (1) purchased Puda securities; (2) purchased Puda securities at artificially inflated prices as a result of the Defendants' misrepresentations and omissions; and (3) suffered damages thereby. The Blankenship Family's claims and injuries arise from the same event or course of conduct that gave rise to the claims of other class members.

Moreover, the Blankenship Family is not subject to any unique or special defenses. Thus, the Blankenship Family meets the typicality requirement of Rule 23 because the Blankenship Family's claims are the same as the claims of the other Class Members.

### 2. The Blankenship Family Will Adequately Represent the Interests of the Class

The requirements of Rule 23(a) relating to adequate representation are satisfied if: (1) the class counsel is qualified, experienced and generally able to conduct the litigation; (2) the interests of the class

are not antagonistic to one another; and (3) the Lead Plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *19 (S.D.N.Y. July 2, 2004). As described below, the Blankenship Family will adequately represent the interests of the class.

The Blankenship Family's interests are clearly aligned with the members of the Class because Movant's claims are identical to the claims of the Class. There is no evidence of antagonism between the Blankenship Family's interests and those of proposed Class Members. Furthermore, the Blankenship Family has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial interest Movant incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the Blankenship Family's identical interest with the members of the Class, clearly shows that the Blankenship Family will adequately and vigorously pursue the interests of the Class. In addition, the Blankenship Family has selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent the fund and the class.

In sum, because of the Blankenship Family's common interests with the Class Members, Movant's clear motivation and ability to vigorously pursue this action, and Movant's competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met in this case. Therefore, since the Blankenship Family not only meets both the typicality and adequacy requirements of Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, the Blankenship Family is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii), presumptively the most adequate plaintiff to lead this action.

### F. The Blankenship Family's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-1(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-l(a)(3)(B)(iii)(II)(aa). The Blankenship Family has selected Hagens Berman to serve as Lead Counsel for the Class. Hagens Berman has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.

*See* Kathrein Decl., Ex. D (Hagens Berman Résumé).  This Court may be assured that in the event that this motion is granted, the members of the Class will receive the highest caliber of legal representation.

### III. CONCLUSION

For the foregoing reasons, the Court should consolidate the related cases, appoint the Blankenship Family as Lead Plaintiff and approve their selection of Hagens Berman Sobol Shapiro LLP as Lead Counsel for the Class.

DATED:  June 13, 2011  Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP


By    /s/ David S. Nalven
         DAVID S. NALVEN, DN-2374

55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3033
davidn@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone:  (510) 725-3000
Facsimile:  (510) 725-3001

[Proposed] Lead Counsel for the Blankenship Family

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                                                  David S. Nalven
                                                                  DAVID S. NALVEN

# Mailing Information for a Case 1:11-cv-02666-BSJ -HBP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file_ny@rgrdlaw.com,drosenfeld@rgrdlaw.com

- **Jeffrey A. Berens**
  jeff@dyerberens.com

- **Marshall Pierce Dees**
  mdees@holzerlaw.com

- **William Bernard Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Michael Ira Fistel , Jr**
  mfistel@holzerlaw.com,cyoung@holzerlaw.com,cmoore@holzerlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`