UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAN KORACH, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG WU, and YAO ZHAO,<br><br>　　　　　Defendants. | Case No. 1:11-cv-02666-BSJ |
| HARRIET GOLDSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG "LABY" WU, YAO ZHAO, BREAN MURRAY, CARRET & CO., LLC, and MACQUARIE CAPITAL (USA) INC.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-02598-BSJ |

[*caption continued next page*]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HO WING SIT FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

925503.1

| | |
|---|---|
| LIONEL TALLANT, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, and QIONG WU,<br><br>    Defendants. | Case No. 1:11-cv-02608-BSJ |
| STEVEN WEISSMANN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, and QIONG WU,<br><br>    Defendants. | Case No. 1:11-cv-02609-BSJ |
| ALEXIS ALEXANDER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MING ZHAO, LIPING ZHU, QIONG WU, JIANFEI NI, C. MARK TANG, LAWRENCE S. WIZEL, and PUDA COAL, INC.,<br><br>    Defendants. | Case No. 1:11-cv-02657-BSJ |

[*caption continued next page*]

925503.1

| | |
|---|---|
| THOMAS ROSENBERGER, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>            v.<br><br>PUDA COAL, INC., LIPING ZHU, QIONG WU, and MING ZHAO,<br><br>            Defendants. | Case No. 1:11-cv-02660-BSJ |
| THOMAS AND CLAUDIA KENDALL, Jointly and On Behalf of All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>            v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG (LABY) WU, and YAO ZHAO,<br><br>            Defendants. | Case No. 1:11-cv-02695-BSJ |

925503.1

Class member Ho Wing Sit ("Movant") respectfully submits this memorandum in support of his motion (1) to consolidate the above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (2) to be appointed as Lead Plaintiff pursuant to Section 21D (a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) for approval of his selection of the law firm of Lieff, Cabraser, Heimann, & Bernstein, LLP ("Lieff Cabraser") as Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

## I.     INTRODUCTION

Presently pending in this District are seven related securities class actions (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the securities of Puda Coal, Inc. ("Puda Coal" or the "Company") during the class period, including purchasers of Puda Coal's securities pursuant or traceable to its equity offering on or about December 8, 2010 (the "Offering").[1]  The Actions are brought against Puda Coal, certain of its officers and directors, and the underwriters of the Offering and allege violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77o, and 77t, and/or Sections

---

[1]     In addition to the seven cases pending this District, three similar actions are pending in the Central District of California: *Lin v. Puda Coal, Inc.*, *et al.,* No. 11-cv-3177 (filed Apr. 14, 2011); *Burquist v. Puda Coal, Inc., et al.*, No. 11-cv-3412 (filed Apr. 21, 2011); and *Thumith v. Puda Coal, Inc., et al.,* No. 11-cv-4835 (filed June 7, 2011). Contemporaneous with this filing, Mr. Sit is also filing a motion for appointment as lead plaintiff in the actions pending in the Central District of California which should ultimately be consolidated with the Actions in this District.

The class period referred to herein is the longest possible class period based on the complaints filed in the related Actions.  In determining the lead plaintiff movant with the "largest financial interest" under the PSLRA, courts have applied the longest, most inclusive class period alleged in related cases.  *See, e.g., In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 269 (S.D.N.Y. 2009); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006).  Here, the longest possible class period is September 15, 2009 through April 11, 2011 (the "Class Period").

10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240 10b-5.  The pending Actions are:

| Case Name | Case No. | Date Filed | Assigned Judge |
| --- | --- | --- | --- |
| *Korach v. Puda Coal, Inc., et al.* | 11-cv-2666 | 4/14/11 | Barbara S. Jones |
| *Goldstein v. Puda Coal, Inc., et al.* | 11-cv-2598 | 4/15/11 | Barbara S. Jones |
| *Tallant v. Puda Coal, Inc., et al.* | 11-cv-2608 | 4/15/11 | Barbara S. Jones |
| *Weissmann v. Puda Coal, Inc., et al.* | 11-cv-2609 | 4/15/11 | Barbara S. Jones |
| *Alexander v. Zhao, et al.* | 11-cv-2657 | 4/19/11 | Barbara S. Jones |
| *Rosenberger v. Puda Coal, Inc., et al.* | 11-cv-2660 | 4/19/11 | Barbara S. Jones |
| *Kendall v. Puda Coal, Inc., et al.* | 11-cv-2695 | 4/20/11 | Barbara S. Jones |

Pursuant to the PSLRA, the Court shall decide whether to consolidate the related Actions prior to selecting a Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Here, as discussed below, the Actions should be consolidated because they each allege substantially the same wrongdoing against the same defendants and assert similar claims of relief.

As soon as practicable after consolidation, the Court is to appoint as Lead Plaintiff the movant that has demonstrated the "largest financial interest in the litigation" and that also meets the typicality and adequacy requirements under Rule 23 of the Federal Rules of Civil Procedure.  *See* § 15 U.S.C. § 78u-4 (a)(3)(B)(iii).  Movant is the most adequate plaintiff because: (1) Movant suffered losses of $465,497 on his investments in Puda Coal securities during the Class Period and, to the best of his knowledge, has the largest financial interest in the relief sought by the class; and (2) Movant satisfies the typicality and adequacy requirements of Rule 23 (a)(3)

and (4) of the Federal Rules of Civil Procedure.  Accordingly, the Court should appoint Movant as Lead Plaintiff.

The Court should also approve Movant's selection of Lieff Cabraser as Lead Counsel. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(v).  Lieff Cabraser has extensive experience in representing investors in securities class actions and has recovered hundreds of millions of dollars on behalf of investors in securities fraud cases.  For the reasons set forth below, Movant's motion should be approved in its entirety.

**II.     SUMMARY OF THE FACTUAL ALLEGATIONS**

Puda Coal is a supplier of premium cleaned coal used to produce coke for steel manufacturing in China.  The Company's operations are conducted exclusively by Shanxi Puda Coal Group Co., Ltd. ("Shanxi Coal"), an entity controlled by Puda Coal.

During the Class Period, defendants issued materially false and misleading statements regarding Puda Coal's financial condition and prospects.  Specifically, defendants misrepresented and/or failed to disclose (a) that Puda Coal's Chairman, defendant Ming Zhao, had engaged in unauthorized transfers of the ownership/shares of Shanxi Coal to himself, (b) that Zhao had sold 49 percent of Shanxi Coal, (c) that the Company's ownership stake in Shanxi Coal was substantially less than it had claimed, and (d) that the Company lacked adequate internal controls.  As a result of the foregoing, Puda Coal's financial statements were materially false and misleading at all relevant times.

On April 8, 2011, an investor website published a research report alleging that through a series of transactions beginning in September 2009, Zhao improperly transferred shares of Shanxi Coal to himself and then, in July 2010, sold 49% of the interest in Shanxi Coal to a

Chinese private equity firm for RMB 245 million ($37.1 million) [2] and later pledged the remaining interest in Shanxi Coal to the private equity firm as collateral for a three year loan for RMB 2.5 billion ($379 million).  Puda Coal, therefore, became nothing more than a shell company during the Class Period.  Following this news, the price of Puda Coal shares fell $3.10 per share, or nearly 33%, to close at $6.00 per share on April 8, 2011, on unusually heavy trading volume.

On the next trading day, April 11, 2011, Puda Coal issued a press release stating that, "[a]lthough the investigation is in its preliminary stages, evidence supports the allegation that there were transfers by Mr. Zhao in subsidiary ownership that were inconsistent with disclosure made by the Company in its public securities filings. Mr. Zhao has agreed to a voluntarily [sic] leave of absence as Chairman of the Board of the Company until the investigation is complete." Following this announcement, the New York Stock Exchange halted trading in Puda Coal stock on April 11, 2011.

### III.  ARGUMENT

#### A.  The Actions Should Be Consolidated

The PSLRA requires that prior to the appointment of lead plaintiff, a court should consolidate securities class actions brought "on behalf of a class asserting substantially the same claim or claims."  15 U.S.C. § 78u-4 (a)(3)(B)(ii).  When a court is presented with securities actions based on the same "public statements and reports, consolidation is appropriate if the actions present common questions of law and fact and if the parties will not be prejudiced." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (citation omitted).  In addition, "[c]onsolidation promotes judicial convenience and avoids unnecessary costs to the parties."  *In*

---

[2]  "RMB" refers to Renminbi, the currency of the People's Republic of China.

*re Gen. Electric Secs. Litig.*, No. 09 Civ. 1951, 2009 U.S. Dist. LEXIS 69133, at *5 (S.D.N.Y. July 29, 2009) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990)).

In this case, the Actions involve substantially similar operative facts and many of the same defendants and assert the same claims under the Securities Act and/or the Exchange Act. In the interests of judicial efficiency and economy, the Actions should be consolidated for all purposes.

### B. Movant Should Be Appointed Lead Plaintiff

The PSLRA sets forth a procedure that governs the appointment of a lead plaintiff in a private action arising under the Securities Act brought as a class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . .

>   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 1. Movant Timely Moved For Appointment as Lead Plaintiff

In this case, the plaintiff in the first-filed action published a notice on *Business Wire* on April 14, 2011.[3] The notice advised all class members who are interested in moving for the appointment of Lead Plaintiff in this matter must do so by June 13, 2011. Movant's motion, filed on June 13, 2011, is therefore timely. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

### 2. Movant Has the Largest Financial Interest in the Relief Sought by the Class

Movant should be appointed Lead Plaintiff because he has the largest financial interest in the relief sought. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, Movant suffered losses of $465,497 from transacting in Puda Coal common stock and options during the Class Period.[4] To the best of Movant's knowledge, there are no other movants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest arising from transactions in Puda Coal securities during the Class Period. Accordingly, Movant believes that he has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

---

[3] A copy of the notice is attached as Exhibit A to the Declaration of Daniel P. Chiplock ("Chiplock Decl."), submitted herewith. Courts have recognized the national news wire services as suitable vehicles for meeting the PSRLA's requirement that notice be published "in a widely circulated national business-oriented publication or wire service. *See, e.g., Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62 64 (D. Mass. 1996).

[4] *See* Exhibits B and C of the Chiplock Decl. for a copy of Movant's Certification of Proposed Lead Plaintiff and a chart analyzing Movant's losses.

### 3. Movant Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Movant also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as lead plaintiff, the movant must only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003). Movant clearly satisfies both requirements.

#### a. Movant's Claims are Typical of the Claims of the Class

Movant's claims are typical of the claims of other members of the class. Typicality is established "where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). However, the claims of the class representative need not be identical those of all members of the class to satisfy the typicality requirement. *Janbay v. Canadian Solar, Inc.,* 272 F.R.D. 113 (S.D.N.Y. 2010).

Movant satisfies the typicality requirement of Fed. R. Civ. P. 23 because, just like all other class members, he: (1) transacted in Puda Coal securities during the Class Period; (2) purchased Puda Coal securities at prices that were artificially inflated by defendants' wrongful conduct; and (3) suffered damages thereby. Movant's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. *Id.*

#### b. Movant Will Fairly and Adequately Represent the Interests of the Class

Movant likewise satisfies the adequacy requirement of Rule 23. In assessing adequacy, courts consider whether (1) the plaintiff has interests in common with, and not antagonistic to,

the interests of the class; and (2) the plaintiff's attorneys are qualified, experienced and able to conduct the litigation.  *See, e.g., In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009).

Movant has made a sufficient showing that he is adequate under Rule 23.  Movant and his counsel believe that their interests do not conflict with the interests of other class members.  In fact, the interest of Movant and other class members are aligned because each class member purchased Puda Coal securities in reliance on the misrepresentations or omissions.  In addition, there is no evidence that Movant's action is collusive.

Moreover, Movant has demonstrated his adequacy through his selection of Lieff Cabraser as Lead Counsel to represent the class.  As discussed more fully below, Lieff Cabraser is highly qualified and experienced in the area of securities litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

Accordingly, Movant has made the requisite showing that he satisfies the typicality and adequacy requirements of Rule 23.  The Court should therefore appoint Movant as Lead Plaintiff.

### C. The Court Should Approve Movant's Selection Of Lead Counsel

The Court should approve Movant's choice of the law firm of Lieff Cabraser to serve as Lead Counsel.  The PSLRA directs that once a court designates a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The lead plaintiff's selection of lead counsel, however, shall not be disturbed unless it is necessary to protect the interests of the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *In re Cavanaugh*, 306 F.3d at 732, n.11 ("Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class.").

Movant has selected and retained the law firm of Lieff Cabraser.  Lieff Cabraser is one of

the nation's premier plaintiffs' law firms and has prosecuted scores of securities and financial fraud lawsuits on behalf of public retirement systems and other investors.  *See* Lieff Cabraser's Firm Resume (attached as Exhibit D to the Chiplock Decl.).  In addition, Lieff Cabraser is one of few plaintiffs' firms with experience trying federal securities class cases.  For example, in *Claghorn v. Edsaco*, No. 98-3039-SI (N.D. Cal.), Lieff Cabraser, serving as lead counsel, obtained a $170.7 million jury verdict after a multi-week trial.  Moreover, in *FPI/Agretech Securities Litigation*, MDL No. 763 (D. Haw.), Lieff Cabraser recovered tens of millions of dollars in class settlements and a $25 million jury verdict at trial against a non-settling defendant.

Accordingly, the Court should approve Movant's selection of Lieff Cabraser as Lead Counsel for the class.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and (3) approve Movant's selection of Lieff Cabraser as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Dated:  June 13, 2011

LIEFF CABRASER HEIMANN
    & BERNSTEIN, LLP


    */s/ Steven E. Fineman*
Steven E. Fineman (SF-8481)
Daniel P. Chiplock (DC-1137)
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel: (212) 355-9500
Fax: (212) 355-9592

LIEFF CABRASER HEIMANN
    & BERNSTEIN, LLP
Richard M. Heimann
Joy A. Kruse
Sharon M. Lee (SL-5612)

275 Battery Street
San Francisco, CA  94111-3339
Tel: (415) 956-1000
Fax: (415) 956-1008

*Proposed Lead Counsel for the Class*