KIRBY McINERNEY LLP
Ira M. Press
David E. Kovel
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Fax: (212) 751-2540
Email: dkovel@kmllp.com

*Attorneys for Movant, Sal LaDuca*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAN KORACH, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br>    v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG WU and YAO ZHAO,<br><br>            Defendants. | Civil Action No.<br>1:11-CV-02666-BSJ<br><br><u>CLASS ACTION</u> |

| | |
|---|---|
| HARRIET GOLDSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br>    v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG "LABY" WU, YAO ZHAO, BREAN MURRAY, CARRET & CO., LLC and MACQUARIE CAPITAL (USA) INC.,<br><br>            Defendants. | Civil Action No.<br>1:11-CV-02598-BSJ<br><br><u>CLASS ACTION</u> |

(Additional Captions appear on following pages)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF SAL LaDUCA FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| LIONEL TALLANT, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, and QIONG WU,<br><br>    Defendants. | Civil Action No.<br>1:11-CV-02608-BSJ<br><br><u>CLASS ACTION</u> |
| STEVEN WEISSMANN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, and QIONG WU,<br><br>    Defendants. | Civil Action No.<br>1:11-CV-02609-BSJ<br><br><u>CLASS ACTION</u> |
| ALEXIS ALEXANDER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br> v.<br><br>MING ZHAO, LIPING ZHU, QIONG WU, JIANFEI NI, C. MARK TANG, LAWRENCE S. WIZEL AND PUDA COAL, INC.,<br><br>    Defendants. | Civil Action No.<br>1:11-CV-02657-BSJ<br><br><u>CLASS ACTION</u> |

| | |
|---|---|
| THOMAS ROSENBERGER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br> v.<br><br>PUDA COAL, INC., LIPING ZHU, QIONG WU and MING ZHAO,<br><br>    Defendants. | Civil Action No.<br>1:11-CV-02660-BSJ<br><br><u>CLASS ACTION</u> |
| THOMAS AND CLAUDIA KENDALL, Jointly and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>PUDA COAL INC., MING ZHAO, LIPING ZHU, QIONG (LABY) WU, and YAO ZHAO,<br><br>    Defendants. | Civil Action No.<br>1:11-CV-02695-BSJ<br><br><u>CLASS ACTION</u> |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED . . . . . . . . . . . . . . . . . . . . 3

II.     THE MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF . . . . . . . . . . . . . . . . . 5

A.     Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B.     Movant is Willing to Serve as Lead Plaintiff On Behalf of All
          Purchasers of Puda Securities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

C.     Movant Believes That He Has the Largest Financial Interest in
          the Relief Sought by the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

D.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure . 8

       1.     Movant's Claims are Typical of Those of Other Class Members . . . . . . . 8

       2.     Movant Will Fairly and Adequately Represent the
             Interests of the Class and are Not Subject to Unique Defenses . . . . . . . . 10

III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**Cases**

*Dolan v. Axis Capital Holdings Ltd.*,
   No. 04-CV-8564, 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) . . . . . . . . . . . 4, 7, 8, 9, 11

*In re Cendant Corp. Litig.*,
   182 F.R.D. 476 (D.N.J. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 11

*In re Drexel Burnham Lambert Group, Inc.*,
   960 F.2d 285 (2d Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-11

*In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437-439 (S.D.N.Y. 2008) . . . . . . . . . . . . . . 7, 8, 11

*In re eSpeed Inc. Sec. Litig.*,
   232 F.R.D 95 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

*In re Initial Public Offering Sec. Litig.*,
   214 F.R.D. 117 (S.D.N.Y.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Olsten Corp. Sec. Litig.*,
   3 F.Supp. 2d 286 (E.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*In re Oxford Health Plans*,
   191 F.R.D. 369 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8, 11

*Pinkowitz v. Elan Corp., PLC*,
   No. 02-CV-865, 2002 WL 1822118 (S.D.N.Y. July 29, 2002) . . . . . . . . . . . . . . . . . . 4

*Skwortz v. Crayfish Co., Ltd.*
   No. 00-CV-6766, 2001 WL 1160745 (S.D.N.Y. Sept.28, 2001) . . . . . . . . . . . . . . . . 4

*Sofran v. LaBranche & Co., Inc.*,
   220 F.R.D. 398 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Werner v. Satterlee, Stephens, Burke & Burke*
   797 F.Supp. 1196 (S.D.N.Y.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes**

15 U.S.C. § 78j(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

15 U.S.C. § 78t(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

15 U.S.C. § 78u-4 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5, 7-11

Fed. R. Civ. P. Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

# INTRODUCTION

Sal LaDuca ("LaDuca" or "Movant") respectfully submits this memorandum of law in support of his motion (i) for an order pursuant to Fed. R. Civ. P. 42(a) consolidating the above-captioned actions, (ii) for Movant's appointment pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq*. (the "PSLRA") as Lead Plaintiff in the above-captioned securities fraud class action; and (iii) for the Court's approval of Movant's selection of Lead Counsel for the proposed class.

The above-captioned proposed class actions allege violations by Puda Coal, Inc. ("Puda"or the "Company"), and certain of its officers, of §10(b) and §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, on behalf of purchasers of Puda common stock.

Movant is a member of the proposed class of purchasers of Puda securities between November 13, 2009 through April 11, 2011 (the "Class Period").[1]

This motion is made on the grounds that Movant is the most adequate plaintiff, as defined by the PSLRA.  Movant suffered significant losses from class period Puda investments – approximately $172,000.00, even assuming conservatively that Puda's stock is worth $6.00.[2] Movant's claims are typical of those of other class members, and it is indisputable that Movant will be an adequate, even ideal, representative of the class.

---

[1]  The first-filed complaints in this matter were both filed on April 14, 2011 (in *Korach v. Puda Coal, Inc. et al.,* 1:11-cv-02666-JSR (S.D.N.Y.) and *Lin v. Puda Coal, Inc. et al.*, 2:11-cv-03177 JHN (Jcx) (C.D.Cal.)).  The *Korach* complaint prescribed the class period as November 13, 2009 through April 11, 2011 and the *Lin* complaint prescribed a class period of November 13, 2009 through April 8, 2011.

[2]  *See* accompanying Affidavit of David Kovel ("Kovel Affidavit"), Exh. 3 (tables reflecting the calculated losses incurred by the Movant as a result of their class period Puda transactions).

**FACTUAL BACKGROUND**

Currently, approximately seven related securities class actions have been filed in this Court on behalf of persons who acquired Puda common stock, against Puda and certain of its officers for violations of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a) (the "Actions").[3]

The Actions allege that Puda shares fell from over $12 at the end of March 2011 to $6 per share on April 8 when a report surfaced on an investor website alleging that "Puda Coal Chairman secretly sold half the Company and pledges the other half to Chinese PE investors."

According to the report certain company transfers were hidden from its U.S. investors that were not reported in its SEC filings or offering documents.

The report said that beginning in Fall 2009 Puda Coal Chairman Ming Zhao allegedly transferred Shaxi Coal, Puda's sole Chinese operating subsidiary, to himself through a series of transactions.  The report states that in July 2010, Zhao sold 49% of his interest in Shanxi Coal to a private equity firm for RMB245 million ($37.1 million) and pocketed the proceeds. Zhao's remaining 51% interest was pledged as security so the Company could obtain a three year loan from the private equity firm for RMB 2.5 billion ($379 million).  The report states that Zhao attempted to secretly return a portion of Shanxi Coal to its rightful owner by transferring his remaining interest to subsidiaries controlled by the Company.  As a result of these transactions, the report concludes the Company's audited financial statements for 2009 and 2010 are false and misleading and that Puda Coal is alleged to have been an empty shell.  On April 8, 2011 Puda Coal said it was reviewing them and would provide a formal response as soon as practicable.

---

[3] In addition, three substantially similar actions have been filed in the Central District of California.

On April 11, 2011, Puda Coal issued a further statement that the Audit Committee of its Board of Directors had launched a full investigation into the allegations raised in the recent article. Although the investigation is only in its preliminary stages Puda Coal said that "evidence supports the allegation that there were transfers by Mr. Zhao in subsidiary ownership that were inconsistent with disclosure made by the Company in its public securities filings." Further the Company said it has retained professionals in the United States and China to assist in the investigation and that Mr. Zhao, the Chairman of Puda Coal, has agreed to a voluntary leave of absence as Chairman of the Board until the investigation is complete.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of the above-captioned actions and any other similar cases subsequently filed or transferred to this Court is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). Neither Rule 42 nor the PSLRA requires that actions be identical in order to be consolidated. *See Sofran v. LaBranche & Co., Inc.,* 220 F.R.D. 398, 401

3

(S.D.N.Y. 2004).

Slight differences in causes of action, defendants, or the class period do not render consolidation inappropriate where, as here, the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

These Actions are all "securities fraud claims that arise from a common course of conduct. The dates on which the misrepresentations occurred do not change their nature." *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998) (noting that "[c]ourts which have addressed the issue have held that differing class periods alone will not defeat consolidation or create a conflict"); *see also In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d. 286 at 293 (consolidating actions alleging violations of section 10(b) and 20(a) under Securities Exchange Act of 1934, despite the fact that one of the four complaints specified a class period which began before and ended during the class period alleged in the other three complaints); *Dolan v. Axis Capital Holdings Ltd.*, No. 04-CV-8564, 2005 WL 883008, at *2 (S.D.N.Y. Apr. 13, 2005) (finding consolidation of cases with "similar or overlapping claims" under Section 10(b) and 20(a) of the Securities and Exchange Act of 1934, along with Rule 10b-5, appropriate pursuant to Rule 42(a) despite different but "coextensive" class periods).

Likewise, although several actions here name defendants not otherwise present in the other action, "consolidation is not barred simply because the actions to be consolidated allege claims against different parties." *Skwortz v. Crayfish Co., Ltd.* No. 00-CV-6766, 2001 WL 1160745, *2 (S.D.N.Y. Sept.28, 2001). *See also Pinkowitz v. Elan Corp., PLC*, No. 02-CV-865, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) *quoting Werner v. Satterlee, Stephens, Burke & Burke*797

4

F.Supp. 1196, 1211 (S.D.N.Y.1992) ("The fact that there are different parties in this action does not mean this case should not be consolidated.")

The Actions arise out of the same course of conduct, and a uniform class, defendants and class period will be established in the consolidated complaint filed after a lead plaintiff is appointed. *See Kaplan*, 240 F.R.D. at 92 (noting that the filing of a consolidated complaint and the determination of class certification each offer opportunities to resolve remaining issues concerning the differing class periods).

Thus, these Actions, and any related actions that are subsequently filed in this District or transferred to this District, should be consolidated.

## II.     THE MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     Legal Standards

The PSLRA, 15 U.S.C. §§ 78u-4(a)(3)(A) and 78u-4(a)(3)(B), sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act.

First, the plaintiff who files the initial action must publish a notice to erstwhile class members, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(I).  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).[4]

---

[4] As noted previously, there were two complaints filed on April 14, 2011. Because Movant's counsel was unable to determine which of the two were filed first, Movant's counsel has filed a similar motion for consolidation, lead plaintiff appointment and approval of Movant's selection of counsel in the Central District of California.

Second, the PSLRA provides that the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B).  In this regard, the PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

>   (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>   (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant is believed to have the largest financial interest in the relief sought in this action among any otherwise qualified lead plaintiff applicants who have filed complaints or have filed timely motions for lead plaintiff appointment.  Movant purchased 89,800 Puda shares during the class period, sold 25,000 shares, spent $916,937 on the shares and suffered a loss of approximately $172,000, assuming conservatively that Puda's shares are worth $6.00. (Kovel Affidavit, Exh. 3).  As such, Movant is entitled to the presumption that they are the most adequate plaintiff.

Nor, as set forth below, is that presumption rebutted here.  The ability of the Movant to fairly and adequately represent the Class cannot be disputed.  The Movant is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class, and the Movant's claims are typical of those of the Class.

Accordingly, the Movant is presumptively the most adequate Lead Plaintiff and should be

appointed Lead Plaintiff for the Class.

### B. Movant is Willing to Serve as Lead Plaintiff On Behalf of All Purchasers of Puda Securities

On April 14, 2011, counsel for the Korach and Lin plaintiffs in this action each caused notice to be published in *BusinessWire* and *GlobeNewswire*, respectively, a national, business-oriented newswire service, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against the defendants herein, and advising purchasers of Puda securities that they had 60 days to file a motion to be appointed as Lead Plaintiff. *See* Kovel Affidavit, Exh. 1. Pursuant to the PSLRA, the notice in the first-filed action is the only statutorily-required notice, and is therefore the operative notice with respect to subsequently-filed actions "on behalf of a class asserting substantially the same claim." 15 U.S.C. § 78u-4(a)(3)(A)(ii).

Movant has timely filed the instant motion pursuant to published notice, and submits herewith his sworn certification attesting that he is willing to serve as representative of the Class. *See* Kovel Affidavit, Exh. 2 (The Movant's certification). Movant therefore satisfies the requirement of making a timely motion in response to a published notice.

### C. Movant Believes That He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides that the most adequate plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437-439 (S.D.N.Y. 2008) ("the movant who has the largest financial interest and satisfies the requirements of Rule 23(a) at the time the motions are made is the presumptive lead plaintiff").

Here, Movant purchased a total of 89,800 shares of Puda during the Class Period and his

total expenditure was $916,937.  Movant has suffered aggregate losses of approximately $172,000. *See* Kovel Affidavit, Exh. 3.

To the best of his knowledge, Movant believes that he currently has the largest known financial interest in this case of any qualified named plaintiff or movant, and thus satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class

### D. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certification, only two - typicality and adequacy - directly address the personal characteristics of the proposed class representative. Consequently, in deciding a motion for appointment of lead plaintiff, courts limit their inquiry to the typicality and adequacy of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.[5]

---

[5] *Kaplan,* 240 F.R.D. at 94 ("As this Court has previously noted, typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination of lead plaintiff under the PSLRA.") (citations omitted); *In re Fuwei Films*, 247 F.R.D. at 436; *In re Oxford*

### 1. Movant's Claims are Typical of Those of Other Class Members

The "typicality" requirement is "satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Fuwei Films*, 247 F.R.D. at 436, *citing In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir.1992); *see also In re eSpeed*, 232 F.R.D. at 102 (typicality satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise") (quoting *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y.2002)).

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Puda's operations and performance. Movant shares substantially the same questions of law and fact with other purchasers of Puda securities, such as, whether defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concealing from investors about the Company's true financial condition, business and prospects including, allegations that (i) prior to the beginning of the Class Period, certain of the individual defendants fraudulently transferred Puda's ownership interest to defendant Ming Zhao; (ii) that Puda was nothing more than a shell company during the Class Period; (iii) that Puda's reported operating results and financial condition were materially overstated; (iv) that Puda's financial statements were not fairly presented in conformity with U.S. Generally Accepted

---

*Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). Further, "at this stage of litigation, only a preliminary showing of typicality and adequacy is required". *Kaplan*, 240 F.R.D. at 94; *In re eSpeed Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y.2002); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp. 2d 286, 296 (E.D.N.Y. 1998).

Accounting Principles and were materially false and misleading; (v) that Puda was operating with material deficiencies in its system of internal control over its financial reporting; and (vi) that, based on the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its prospects and growth. Movant, like all of the members of the Class, acquired Puda securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. *See, e.g., In re eSpeed*, 232 F.R.D. at 102 ("Members of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price; [lead plaintiff movant] makes the same claim. [Lead plaintiff movant] therefore meets the Rule 23 typicality requirement for the purpose of the lead plaintiff inquiry"). All other persons and entities who acquired Puda securities during the Class Period overpaid as a result of the same misconduct that caused Movant's injury. *See*, *e.g.*, *In re Drexel*, 960 F.2d at 291; *In re Oxford Health Plans*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000) (typicality under Rule 23 requires that a class representative "have the incentive to prove all the elements of the cause of action which would be represented by the individual members of the class were they initiating individualized actions").

In short, the interests of Movant are closely aligned with the interests of other Class members, and therefore Movant is typical of the other members of the Class.

### 2. Movant Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class;

>           or
>
>           (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Courts in the Second Circuit have held that the "adequacy" of a class representative for Rule 23 purposes means that (i) the plaintiff's attorney is qualified, experienced and generally able to conduct the litigation and (ii) the plaintiff does not have any interests antagonistic to the class. *In re Drexel*, 960 F.2d at 291; *see also Kaplan*, 240 F.R.D. at 94 ("The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy"); *In re Fuwei Films*, 247 F.R.D. at 436 (same).

The adequacy of Movant cannot be disputed.  Movant has sustained significant losses from his investments in Puda securities and is therefore extremely motivated to pursue the claims in this action, and has also retained counsel with considerable experience in the prosecution of class actions and federal securities law claims (*see* Section III, *infra* and Kovel Affidavit Exh. 4).

Movant is not aware of any unique defenses defendants could raise against it that would render him inadequate to represent other purchasers of Puda securities.

### III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *Kaplan*, 240 F.R.D. at 96; *In re Fuwei Films*, 247 F.R.D. at 439-

40.

In the present case, Movant has retained the law firm of Kirby McInerney LLP to pursue this litigation on its behalf as Lead Counsel in the event it is appointed Lead Plaintiff. Kirby McInerney possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumé attached to the Kovel Affidavit as Exhibit 4. As a result of their extensive experience in litigation involving issues similar to those raised in this action, Movant's proposed counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously.

Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant Movant's motion and enter an Order (a) consolidating the above-captioned actions; (b) appointing Movant as Lead Plaintiff, (c) approving Movant's selection of Kirby McInerney LLP as Lead Counsel, and (d) granting such other relief as the Court may deem just and proper.

Dated: June 13, 2011            **KIRBY McINERNEY LLP**

By:     /s/ David E. Kovel
Ira M. Press
David E. Kovel
825 Third Avenue, 16th Floor
New York, NY  10022
Tel: (212) 371-6600
Fax: (212) 751-2540
Email: dkovel@kmllp.com

*Attorneys for Movant and Proposed Lead Plaintiff, Sal LaDuca*