UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRIET GOLDSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>PUDA COAL, INC., et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:11-cv-02598-BSJ-HBP<br><br><u>CLASS ACTION</u> |
| LIONEL TALLANT, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>PUDA COAL, INC., et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:11-cv-02608-BSJ-HBP<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF THE PUDA COAL SHAREHOLDER
GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

631268_1

|  |  |
|---|---|
| STEVEN WEISSMANN, Individually and on Behalf of All Others Similarly Situated, : x : : | Civil Action No. 1:11-cv-02609-BSJ-HBP |
| Plaintiff, : | <u>CLASS ACTION</u> |
| vs. : : | |
| PUDA COAL, INC., et al., : : | |
| Defendants. : : | |
| ALEXIS ALEXANDER, Individually and on Behalf of All Others Similarly Situated, : : | Civil Action No. 1:11-cv-02657-BSJ-HBP |
| Plaintiff, : | <u>CLASS ACTION</u> |
| vs. : : | |
| MING ZHAO, et al., : : | |
| Defendants. : : | |
| THOMAS ROSENBERGER, on Behalf of Himself and All Others Similarly Situated, : : | Civil Action No. 1:11-cv-02660-BSJ-HBP |
| Plaintiff, : | <u>CLASS ACTION</u> |
| vs. : : | |
| PUDA COAL, INC., et al., : : | |
| Defendants. : x | |

[Caption continued on following page.]

631268_1

|  |  |
|---|---|
| DAN KORACH, Individually and on Behalf of All Others Similarly Situated, : : : : Plaintiff, : : vs. : : PUDA COAL, INC., et al., : : Defendants. : : | Civil Action No. 1:11-cv-02666-BSJ-HBP<br><br>CLASS ACTION |
| THOMAS AND CLAUDIA KENDALL, Jointly and On Behalf of All Others Similarly Situated, : : : : Plaintiffs, : : vs. : : PUDA COAL, INC., et al., : : Defendants. : | Civil Action No. 1:11-cv-02695-BSJ-HBP<br><br>CLASS ACTION |

631268_1

Class members Charles Irle, Steve McManus, William Harrison and Jack Hoffman (together, the "Puda Coal Shareholder Group" or "PCSG") respectfully submit this memorandum in support of the PCSG's motion for: (i) consolidation of the related actions; (ii) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (iii) approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), Kahn Swick & Foti, LLC ("Kahn Swick") and Levi & Korsinsky LLP ("Levi & Korsinsky") as lead counsel for the class.

I.   **INTRODUCTION**

Currently pending in this district are seven securities class action lawsuits (the "Related Actions") brought on behalf of all purchasers of Puda Coal, Inc. ("Puda Coal" or the "Company") securities[1] between November 13, 2009 through April 11, 2011, inclusive (the "Class Period"), including purchasers of Puda Coal securities in the Company's December 2010 public offering, against Puda Coal and certain of its officers and/or directors for violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"):[2]

---

[1]   One action filed in the Central District of California, styled *Thumith v. Puda Coal, Inc.*, No. 11-cv-4835, purports to represent Puda Coal investors who sold Puda Coal put options during the Class Period.

[2]   Three similar actions against Puda Coal and certain of its officers and directors were filed in the United States District Court for the Central District of California. *See Lin v. Puda Coal, Inc.*, No. 11-cv-03177 (filed April 14, 2011); *Burquist v. Puda Coal, Inc.*, No. 11-cv-3412 (filed April 21, 2011); and *Thumith v. Puda Coal, Inc.*, No. 11-cv-4835 (filed June 7, 2011).  Although the consolidated Puda Coal actions should proceed in this Court, the PCSG is also filing a motion in the low-numbered California action for consolidation of those actions and appointment as lead plaintiff.

- 1 -

| Case Name | Case No. | Date Filed |
|---|---|---|
| *Korach v. Puda Coal, Inc., et al.* | 11-cv-02666 | April 14, 2011 |
| *Goldstein v. Puda Coal, Inc., et al.* | 11-cv-02598 | April 15, 2011 |
| *Tallant v. Puda Coal, Inc., et al.* | 11-cv-02608 | April 15, 2011 |
| *Weissmann v. Puda Coal, Inc., et al.* | 11-cv-02609 | April 15, 2011 |
| *Rosenberger v. Puda Coal, Inc., et al.* | 11-cv-02660 | April 19, 2011 |
| *Alexander v. Zhao, et al.* | 11-cv-02657 | April 19, 2011 |
| *Kendall v. Puda Coal, Inc., et al.* | 11-cv-02695 | April 20, 2011 |

The PSLRA requires district courts to resolve consolidation prior to appointing a lead plaintiff in securities cases such as this. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).[3] Here, the Related Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a).

Pursuant to the PSLRA, and as soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the member of the purported plaintiff class that the court determines to be "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). PCSG should be appointed lead plaintiff because it: (1) timely filed its motion; (2) to its counsel's knowledge, possesses the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, PCSG's selection of Robbins Geller, Kahn Swick and Levi & Korsinsky as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[3] The Related Actions are brought pursuant to §§11, 12(a)(2) and 15 of the Securities Act (15 U.S.C. §§77k and 77o), and §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). The PSLRA's lead plaintiff provisions are identical for both the Securities Act (15 U.S.C. §77z-1. *et seq.*) and the Exchange Act (15 U.S.C. §78u-4, *et seq.*). For convenience, all citations are to the Exchange Act's lead plaintiff provisions. *See* 15 U.S.C. §78u-4, *et seq.*

631268_1

## II.    STATEMENT OF FACTS

Puda Coal describes itself as a leading supplier of premium high grade cleaned coal used to produce coke for steel manufacturing in China.

Throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects.  Specifically, defendants failed to disclose that: (i) prior to the beginning of the Class Period, certain of the individual defendants fraudulently transferred Puda Coal's ownership interest to defendant Ming Zhao; (ii) Puda Coal was nothing more than a shell company during the Class Period; (iii) Puda Coal's reported operating results and financial condition were materially overstated; (iv) Puda Coal's financial statements were not fairly presented in conformity with U.S. Generally Accepted Accounting Principles and were materially false and misleading; (v) Puda Coal was operating with material deficiencies in its system of internal control over its financial reporting; and (vi) based on the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its prospects and growth.

On April 8, 2011, Puda Coal issued a press release announcing that it was currently reviewing the allegations regarding improper share transactions by defendant Ming Zhao, which were published in an article entitled "Puda Coal Chairman Secretly Sold Half the Company and Pledged the Other Half to Chinese PE Investors" by a short-seller that same day.  In reaction to the article and the Company's press release, shares of the Company's stock declined more than 34% on April 8, 2011, on extremely heavy trading volume.

On April 11, 2011, Puda Coal announced that it had unanimously ratified the Audit Committee's decision to launch a full investigation into the allegations raised in the short-seller's article alleging various unauthorized transactions in the shares of a subsidiary company, Shanxi Coal. The April 11, 2011 press release noted that, "[a]lthough the investigation is in its preliminary

- 3 -

stages, evidence supports the allegation that there were transfers by Mr. Zhao in subsidiary ownership that were inconsistent with disclosure made by the Company in its public securities filings. Mr. Zhao has agreed to a voluntarily [sic] leave of absence as Chairman of the Board of the Company until the investigation is complete." In response to the above announcement, trading in the Company's stock was halted on April 11, 2011.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common stock, PCSG and the other class members have suffered significant losses and damages.

### III.   ARGUMENT

#### A.   The Related Actions Should Be Consolidated

When "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Here, the seven Related Actions, as well as the three actions pending in the Central District of California, allege claims on behalf of purchasers of Puda Coal securities for violations of the federal securities laws during the Class Period. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here as the defendants, Class Periods, factual allegations, and claims are nearly identical. As such, consolidating these cases for all purposes will be the most efficient solution for the court, and will ease the litigation burden on all parties involved.

#### B.   PCSG Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must

be publicized in a widely circulated national business-oriented publication or wire service not later than twenty days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). PCSG meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. PCSG Has Timely Filed Its Motion

The April 14, 2011 notice published in this action advised class members of the action's pendency, the alleged claims, the proposed class period, and the option of moving the Court to be appointed as lead plaintiff within 60 days of April 14, 2011, or June 13, 2011. *See* Declaration of David A. Rosenfeld in Support of the Puda Coal Investor Group's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Rosenfeld Decl."), Ex. A. This Motion is therefore timely filed and PCSG is entitled to be considered for appointment as lead plaintiff.

### 2. PCSG Possesses the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, PCSG lost $772,233 as a result of defendants' alleged misconduct.[4] *See* Rosenfeld Decl., Ex. C. To the best of its counsel's knowledge, there are no other applicants

---

[4] Puda Coal's stock has been halted since April 11, 2011, rendering it illiquid. As such, PCSG's loss of $772,233 is based on a $0.00 per share value. *See* Rosenfeld Decl., Ex. C. Using

seeking appointment as lead plaintiff who have a larger financial interest. As such, PCSG satisfies the PSLRA's largest financial interest requirement.

### 3. PCSG Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "The Rule 23 inquiry under 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) is less stringent than the inquiry the rule otherwise requires." *Linn v. Allied Ir. Banks, PLC*, No. 02 Civ. 1738 (DAB), 2004 U.S. Dist. LEXIS 24655, at *13 (S.D.N.Y. Dec. 8, 2004). "At this stage in the litigation, one need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied." *Id*. at *13-*14.

"The typicality requirement is satisfied when the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Id*. at *14 (citation omitted). Here, PCSG purchased Puda Coal securities during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and/or omissions and suffered damages thereby. PCSG's "claims therefore arise from the same factual predicate as those in the" Complaint. *Id.* at *15. Thus, the Court should find that PCSG satisfies Rule 23's typicality requirement at this stage.

"The adequacy requirement is satisfied if (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous

---

the halted $6.00 per share value, PCSG possesses a loss of $399,813 as a result of defendants' alleged misconduct. *Id.*, Ex. D.

advocacy." *Id*. at \*15-\*16.  Here, the members of the PCSG have demonstrated their ability and willingness to prosecute this action together by filing their certifications as well as by retaining qualified counsel.  *See* Rosenfeld Decl., Exs. B, E, F.  PCSG members are not subject to unique defenses and there is no evidence that they "seek[] anything other than 'the greatest recovery for the class consistent with the merits of the claims.'"  *Linn*, 2004 U.S. Dist. LEXIS 24655, at \*17 (citation omitted).  As such, PCSG satisfies the adequacy requirement at this stage.

### C. The Court Should Approve PCSG's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, PCSG has selected Robbins Geller, Kahn Swick and Levi & Korsinsky to serve as lead counsel, subject to Court approval.  Robbins Geller and Levi & Korsinsky each possess extensive experience litigating securities class actions and have successfully prosecuted some of the largest and highest-profile securities class actions in history.  *See* Rosenfeld Decl., Exs. E-G.

As such, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller, Kahn Swick and Levi & Korsinsky.  Accordingly, PCSG's selection of counsel should be approved.

## IV.  CONCLUSION

PCSG has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, PCSG respectfully requests that the Court consolidate the Related Actions, appoint it Lead Plaintiff and approve its selection of counsel.

DATED:  June 13, 2011

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.

s/DAVID A. ROSENFELD
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
malba@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
BRIAN O. O'MARA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
bomara@rgrdlaw.com

LEVI & KORSINSKY, LLP
TODD S. GARBER
SHANNON L. HOPKINS
30 Broad Street, 15th Floor
New York, NY  10004
Telephone:  212/363-7500
212/363-7171 (fax)
shopkins@zlk.com

KAHN SWICK & FOTI, LLC
KIM E. MILLER
500 5th Avenue, Suite 1810
New York, NY 10110
Telephone: 212/696-3730
Facsimile:  504/455-1498

KAHN SWICK & FOTI, LLC
LEWIS S. KAHN
206 Covington Street
Madisonville, LA 70447
Telephone: 504/455-1400
Facsimile:  504/455-1498

[Proposed] Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 13, 2011.

                                           s/ DAVID A. ROSENFELD
                                           DAVID A. ROSENFELD

                                           Robbins Geller Rudman & Dowd LLP
                                           58 South Service Road, Suite 200
                                           Melville, NY  11747
                                           Telephone:  631/367-7100
                                           631/367-1173 (fax)

                                           E-mail:drosenfeld@rgrdlaw.com

631268_1

# Mailing Information for a Case 1:11-cv-02598-BSJ -HBP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **William Bernard Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **D. Seamus Kaskela**
  skaskela@ktmc.com

- **Jennifer Elizabeth Traystman**
  jtraystman@trinko.com

- **Curtis Victor Trinko**
  ctrinko@trinko.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Adriene O. Bell
Kessler Topaz Meltzer & Check, LLP (PA)
280 King of Prussia Road
Radnor, PA 19087

Myron Harris
South 106-Park Tower Place
22nd & Benjamin Franklin Pkwy
Philadelphia, PA 19130

David M. Promisloff
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
```