UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRIET GOLDSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG LABY WU, YAO ZHAO, BREAN MURRAY, CARRET & CO., LLC and MACQUARIE CAPITAL (USA) INC.,<br><br>Defendants. | No. 1:11-cv-02598-BSJ-HBP |
| DAN KORACH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU, QIONG WU and YAO ZHAO,<br><br>Defendants. | No. 1:11-cv-02666-BSJ-HBP |
| LIONEL TALLANT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUDA COAL, INC., MING ZHAO, LIPING ZHU and QIONG WU,<br><br>Defendants. | No. 1:11-cv-02608-BSJ-HBP |

*[Captions Continue on Following Pages]*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SALOMÓN QUERUB, HOWARD PRITCHARD AND HOTEL VENTURES LLC FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

| | |
|---|---|
| STEVEN WEISSMANN, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>   v.<br><br>PUDA COAL, INC., MING ZHAO and QIONG WU,<br><br>       Defendants. | No. 1:11-cv-02609-BSJ-HBP |
| ALEXIS ALEXANDER, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>   v.<br><br>MING ZHAO, LIPING ZHU, QIONG WU, JIANFEI NI, C. MARK TANG, LAWRENCE S. WIZEL and PUDA COAL, INC.,<br><br>       Defendants. | No. 1:11-cv-02657-BSJ-HBP |
| THOMAS ROSENBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>   v.<br><br>PUDA COAL, INC., LIPING ZHU, QIONG WU and MING ZHAO,<br><br>       Defendants. | No. 1:11-cv-02660-BSJ-HBP |

*[Captions Continue on Following Page]*

1

| | |
|---|---|
| THOMAS KENDALL, Jointly and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>         v.<br><br>PUDA COAL, INC., LIPING ZHU, QIONG WU and MING ZHAO,<br><br>                              Defendants. | No. 1:11-cv-02695-BSJ-HBP |

Proposed lead plaintiffs Salomón Querub, Howard Pritchard and Hotel Ventures LLC ("Movants") respectfully submit this memorandum of law in support of their motion for consolidation of related actions, appointment as lead plaintiff and approval of co-lead counsel.

## I.   FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of the securities of Puda Coal, Inc.. ("Puda" or the "Company") between November 13, 2009 and April 11, 2011, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").  Named as defendants are Puda and certain of the Company's executive officers.

Puda, through its indirect equity ownership in Shanxi Puda Coal Group Co., Ltd. ("SPCG"), its sole operating subsidiary, supplies metallurgical coking coal to the industrial sector in the People's Republic of China.

Plaintiffs allege that throughout the Class Period Defendants made false and/or misleading statements and/or failed to disclose material adverse facts about the Company's business, operations, and financial performance and prospects.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's chairman, defendant Ming Zhao ("Zhao"), had transferred ownership/shares of SPCG to himself through a series of

transactions; (2) Defendant Zhao had sold 49% of SPCG; (3) Defendant Zhou had pledged a 51% interest in SPCG as collateral for a three-year loan; (4) as a result, Puda did not possess the ownership interests in SPCG that the Company claimed to possess; (5) the Company lacked adequate internal and financial controls; and (6), as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

On April 8, 2011, a research report was published on the internet alleging various undisclosed transactions by the Company's Chairman, Ming Zhao ("Zhao"), which transferred ownership/shares of SPCG. Specifically, the April 8, 2011, report alleged that through a series of transactions beginning in September 2009, Defendant Zhao improperly transferred SPCG to himself, in July 2010, sold 49% of the interest in SPCG for RMB245 million ($37.1 million), and later pledged the remaining 51% interest in the SPCG as collateral for a three year loan for RMB 2.5 billion ($379 million).

On this news, the Company's shares declined $3.10 per share, or nearly 33%, to close on April 8, 2011, at $14.47 per share, on unusually heavy trading volume. Trading of the Company's shares was subsequently halted.

## II.   PROCEDURAL HISTORY

The first lawsuit alleging violations of the Exchange Act against defendants herein, *Korach, et al., v. Puda Coal, Inc., et al.*, No. 1:11-cv-02666-BSJ-HBP, was filed in this District April 14, 2011, on behalf of plaintiff Dan Korach,[1] and on that day counsel for Korach published a notice --

---

[1] Also on April 14, 2011, plaintiff Yanli Lin commenced a related action in the Central District of California, *Lin*, *et al., v. Puda Coal, Inc., et al*., No. 11-cv-03177-JHN-JC, based on the same facts and circumstances as the above-captioned *Korach* action and naming as defendants Puda and certain of its executive officers. Plaintiff Lin's notice of pendency also is attached to the Rosen Declaration at Exhibit A. Subsequent to the *Lin* action, two related actions were filed in the Central District of

3

the first notice that a securities class action had been initiated against defendants -- on *Business Wire*, a widely circulated national business-oriented wire service.  *See* Declaration of Laurence Rosen In Support of Motion of Salomón Querub, Howard Pritchard and Hotel Ventures LLC for Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Co-Lead Counsel (the "Rosen Declaration") at Exhibit A.  In addition to Plaintiff Korach's complaint, six related actions were subsequently filed in this District (collectively the "Related Actions"), and each of the Related Actions is reflected above in the caption of this document.[2]

Movants file the instant motion pursuant to plaintiff Korach's notice of pendency, and file this motion prior to expiration of the 60-day period from publication of the April 14, 2011, notice.[3]

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990).  The Court has broad discretion under this Rule to consolidate cases pending within its District.  *Id*.

The Related Actions present similar factual and legal issues, as they involve the same subject matter, and present the same legal issues.  Each alleges the same violations of federal securities laws and is based on the same wrongful course of conduct.  Each names the Company and certain of its

---

California: *Burquist, et al., v. Puda Coal, Inc., et al.*, No. 11-cv-03412-JHN-JC and *Thumith, et al., v. Puda Coal, Inc., et al.*, No. 11-cv-04835-JSL–AGR.

[2] A seventh complaint – *Ginsburg, et al. v. Puda Coal, Inc., et al.*, No 1:11-cv-02671-BSJ -- was filed in this District on April 19, 2011, and voluntarily dismissed by plaintiff May 3, 2011.

[3] Contemporaneously with this filing, Movants are filing a motion in the *Lin* action in the Central District of California for consolidation of the *Lin*, *Burquist* and *Thumith* cases and for appointment as lead plaintiff.

officers and/or directors as defendants. Because the Related Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to the Related Actions.[4] Accordingly, consolidation under Rule 42(a) is appropriate.

### B. Movants Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa)  has either filed the complaint or made a motion in response to a notice... ;
>
> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44 (S.D.N.Y. 1998).

---

4 The *Rosenberger* complaint alleges the longest, most-inclusive Class Period – September 15, 2009 through April 8, 2011 -- although it begins earlier and ends during the Class Period in the other complaints, all of which allege a November 13, 2009 through April 11, 2011 Class Period. *See In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 293 (E.D.N.Y. 1998) (consolidation is appropriate where allegations in complaints alleging different class periods are based upon disclosures common to all actions); *Miller v. Dyadic Intern., Inc.*, No. 07-80948-CIV, 2008 WL 2465286, at *3-4 (S.D. Fla. April 18, 2008) ("the longest, most inclusive class period is appropriate at this stage in the litigation

As set forth below, Movants satisfy all three of these criteria, and thus are entitled to the presumption that they are the "most adequate plaintiff" for the Class.

### 1. Movants Are Making A Motion In Response To A Notice

On April 14, 2011, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Dan Korach published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[5] – announcing that a securities class action had been filed against Puda and certain of its executive officers, and advising purchasers of the Company's securities that they had until June 13, 2011, to file a motion to be appointed as lead plaintiff.

Movants file the instant motion pursuant to Dan Korach's published notice, and submit herewith Movants' sworn certifications attesting that they are willing to serve as representatives of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Rosen Declaration, Exhibit B. Alternatively, in the event the Court deems it appropriate to appoint a single lead plaintiff in this case, Salomón Querub, Howard Pritchard and Hotel Ventures LLC each move individually for appointment as lead plaintiff. Movants therefore satisfy the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

### 2. Movants Have The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

---

because it encompasses more potential class members.'") (citation omitted).
[5] *In re Party City Securities Litigation,* 189 F.R.D. 91, 105 n.10 (D.N.J. 1999) (national newswire services meet the statutory notice provision).

sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *see Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401-402 (S.D.N.Y. 2004).

As demonstrated herein, Movants believe that they have the largest financial interest in this case among class members who filed timely applications for appointment as lead plaintiff, and accordingly are presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

During the Class Period, Movants purchased 286,893 shares of Puda at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as a result, Movants has suffered collective financial losses of $2,670,504.68. *See* Rosen Declaration, Exhibit C. Movants are not aware of any other Class member that has filed an application for appointment as lead plaintiff claiming larger financial losses and, consequently, believe that they have the largest known financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff. Movants thus satisfy the largest financial interest requirement to be appointed as lead plaintiff for the Class. *Greebel v. FTP Software,* 939 F. Supp. 57, 64 (D. Mass. 1996).

  **3.**   **Movants Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4)

7

>   the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *In re Party City*, 189 F.R.D. at 106 ("'A wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'") (quoting *Fischler v. Amsouth Bancorporation,* 1997 WL 118429, at *2 (M.D.Fla. Feb. 6, 1997) and *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)); *see also In re Olsten Corp.*, 3 F. Supp. 2d, at 296.

### a.     Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*; *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004).

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and financial prospects of Puda.

Movants, like all of the members of the Class, purchased Puda securities at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. Movants' interests are closely aligned with other Class members', and Movant's interests are, therefore, typical of the other members of the Class.

          **b.**       **Movants Are Adequate Representatives**

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001). Here, Movants have demonstrated their adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and have shown that they are " 'willing' and able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001). Movants have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed lead plaintiff. Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from his investments in Puda securities and are, therefore, extremely motivated to pursue the claims in this action. *See* Rosen Declaration, Exhibit C.

    **4.**       **Movants Are Presumptively The Most Adequate Plaintiff**

The presumption in favor of appointing Movants as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

        (aa)       will not fairly and adequately protect the interest of the class; or

   (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I). *Ferrari*, 2004 WL 1637053, at *6.

  The presumption that Movants are the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movants have suffered substantial financial losses -- in excess of $2.6 million -- and believe they have the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movants to fairly and adequately represent the Class is discussed above. Movants are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly, Movants are presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

  **C.**  **The Court Should Approve Movants' Choice of Counsel**

  The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movants have retained Glancy Binkow & Goldberg LLP and The Rosen Law Firm P.A. to pursue this litigation on their behalf, and will retain these firms as plaintiffs' co-lead counsel, in the event Movants are appointed lead plaintiff. Glancy Binkow & Goldberg LLP and The Rosen Law Firm P.A. possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumés attached to the Rosen Declaration as Exhibits D and E. Thus, the

Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

## IV.     CONCLUSION

For the foregoing reasons, Movants respectfully asks the Court to grant their motion and enter an Order (a) consolidating the above-captioned related actions, (b) appointing Salomón Querub, Howard Pritchard and Hotel Ventures LLC as lead plaintiff, (c) approving their selection of Glancy Binkow & Goldberg LLP and The Rosen Law Firm P.A. as co-lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: June 13, 2011                 THE ROSEN LAW FIRM P.A.

By:   /s/ Phillip Kim
Phillip Kim (PK 9384)
Laurence Rosen (LR 5733)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:    (310) 201-9150
Facsimile:     (310) 201-9160

*Proposed Co-Lead Counsel*

POMERANTZ HAUDEK GROSSMAN
& GROSS LLP
Marc I. Gross
Jeremy A. Lieberman
Fei-Lu Qian
100 Park Avenue, 26th Floor

New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

POMERANTZ HAUDEK GROSSMAN
& GROSS LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this, the 13th day of June, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                                    /s/ Phillip Kim