**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HARRIET GOLDSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>PUDA COAL, INC., *et al.*,<br><br>      Defendants. | Civil Action No. 1:11-cv-02598-BSJ |
| LIONEL TALLANT, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>PUDA COAL, INC., *et al.*,<br><br>      Defendants. | Civil Action No. 1:11-cv-2608-BSJ |
| STEVEN WEISSMANN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>PUDA COAL, INC., *et al.*,<br><br>      Defendants. | Civil Action No. 1:11-cv-02609-BSJ |

[captions continued]

**DECLARATION OF FREDERIC S. FOX IN SUPPORT OF THE PUDA COAL INVESTOR GROUP'S MEMORANDUM OF LAW IN REPLY TO ALL OTHER MOTIONS FOR LEAD PLAINTIFF APPOINTMENT**

| | |
|---|---|
| ALEXIS ALEXANDER, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>MING ZHAO, *et al.*,<br><br>      Defendants. | Civil Action No. 1:11-cv-02657-LAK |
| THOMAS ROSENBERGER, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>PUDA COAL, INC., *et al.*,<br><br>      Defendants. | Civil Action No. 1:11-cv-02660-BSJ |
| DAN KORACH, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>PUDA COAL, INC., *et al.*,<br><br>      Defendants. | Civil Action No. 1:11-cv-02666-BSJ |
| THOMAS AND CLAUDIA KENDALL, Jointly And On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>PUDA COAL, INC., *et al.*,<br><br>      Defendants. | Civil Action No. 1:11-cv-02695-BSJ |

Pursuant to 28 U.S.C. § 1746, Frederic S. Fox declares as follows:

1. I am a member of the bar of the State of New York and counsel for Puda Coal Investor Group.

2. I respectfully submit this declaration in support of Puda Coal Investor Group's Memorandum of Law In Reply to All Other Motions for Lead Plaintiff Appointment.

3. Attached hereto are true and correct copies of the following exhibits:

Exhibit A: Assignment of Claims and Power of Attorney;

Exhibit B: Declaration of Michael Kiel In Support Of The Puda Coal Investor Group's Motion For (i) Consolidation Of Related Actions; (ii) Appointment As Lead Plaintiff; And (iii) Approval Of Its Selection Of Co-Lead Counsel; and

Exhibit C: Declaration of A. David Flor In Support Of The Puda Coal Investor Group's Motion For (i) Consolidation Of Related Actions; (ii) Appointment As Lead Plaintiff; And (iii) Approval Of Its Selection Of Co-Lead Counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 11, 2011

/s/*Frederic S. Fox*
Frederic S. Fox

# Exhibit A

## ASSIGNMENT OF CLAIMS AND POWER OF ATTORNEY

David Kiel hereby assigns, transfers and sets over to Michael Kiel for purposes of prosecution and collection, all rights, titles and interests of David Kiel for the claims, demands or causes of action against any defendant relating to transactions in securities issued by Puda Coal Inc. ("Puda" or the "Company") (hereafter the "Puda Coal Securities Class Action Claims").[1] David Kiel, as Trustee for the Dolores M. Krueger Trust and the Donald M. Krueger Trust (collectively, the "Trusts"), also assigns, transfers and sets over to Michael Kiel for purposes of prosecution and collection, all rights, titles and interests of the Trust for claims, demands or causes of action against any defendant relating to transactions in securities issued by Puda.

This Assignment and Power of Attorney is intended to be a complete transfer of any claims David Kiel and the Trusts have (or had) with respect to Puda Coal Securities Class Action claims to Michael Kiel for the purposes of prosecution and collection.

A. David Kiel, individually and as Trustee for the Trusts, hereby appoints Michael Kiel as the true and lawful attorney-in-fact for the purpose of exercising the following powers:

1. To do all acts necessary for the purpose of the prosecution and collection of David Kiel's and the Trusts' claims, demands or causes of action against any defendant relating to the Puda Coal Securities Class Action Claims;

2. To initiate litigation relating to the Puda Coal Securities Class Action Claims;

3. To file a class action lawsuit and/or be included as a representative plaintiff in *Korach v. Puda Coal, Inc. et al.*, No. 11-cv-2666-BSJ (S.D.N.Y.), or any other related action;

4. To move to be appointed as a representative party under Fed. R. Civ. P. 23 on behalf of a putative or certified class of investors in any action relating to any Puda Coal Securities Class Action Claims. If appointed as a representative plaintiff under the Private Securities Litigation Reform Act of 1995 or Fed. R. Civ. P. 23, nothing herein shall restrict Michael Kiel from fulfilling his fiduciary duties to a putative or certified class of plaintiffs to which he may owe fiduciary duties;

5. To enter into any discussions or other activities on behalf of David Kiel and the Trusts in connection with attempting to resolve the Puda Coal Securities Class Action Claims, including, without limitation, selecting and retaining legal counsel, filing and prosecuting court or regulatory proceedings in David Kiel's or the Trusts' interest in any federal or state court or regulatory proceeding; and

6. To sign, on behalf of David Kiel, settlement agreements, releases, or other documents relating to the settlement of the Puda Coal Securities Class Action Claims. David Kiel, individually and as Trustee for the Trusts, hereby agrees to be bound by any settlement, compromise or release reached by Michael Kiel on his behalf (either directly or through a class action) and that any document executed in connection with

---

[1] The Puda Coal Securities Class Action Claims includes all claims asserted in *Korach v. Puda Coal, Inc. et al.*, No. 11-cv-2666-BSJ (S.D.N.Y.) and any other related actions.

any such settlement, compromise or release by Michael Kiel, on behalf of David Kiel or the Trusts, or a class of which David Kiel or the Trusts are members, shall be binding on David Kiel and the Trusts.

B. David Kiel, individually and as Trustee, specifically acknowledges and confirms that no person or entity who shall pay to Michael Kiel (or his assignee) amounts owed to David Kiel or the Trusts relating in any way to the Puda Coal Securities Class Action Claims shall be liable to David Kiel or the Trusts to the extent of any amounts so paid, unless the person or entity making such payment has actual knowledge that the authority granted to Michael Kiel by this Assignment and Power of Attorney has been properly revoked.

C. This Assignment and Power of Attorney may not be revoked without the written consent of David Kiel and Michael Kiel.

D. David Kiel, individually and as Trustee, also agrees to be bound by any decisions made by Michael Kiel on behalf of David Kiel or the Trusts with respect to any issues relating to the Puda Coal Securities Class Action Claims or prosecution of claims asserted in *Goldstein v. Puda Coal, Inc. et al.*, No. 11-cv-2598-BSJ (S.D.N.Y.), or any other related action, both before and after the date of this Assignment and Power of Attorney.

E. David Kiel, individually and as Trustee, hereby agrees to be bound by any determinations (final or otherwise) issued by any court or regulatory proceedings relating to the Puda Coal Securities Class Action Claims being prosecuted by Michael Kiel as a representative plaintiff.

F. This assignment shall be interpreted under the laws of New York.

To be effective this  9TH  day of June, 2011.

_____  _____
David Kiel, individually and as Trustee for   Michael Kiel
the Dolores M. Krueger Trust and the Donald
M. Krueger Trust

# Exhibit B

**DECLARATION OF MICHAEL KIEL IN SUPPORT OF THE PUDA COAL INVESTOR GROUP'S MOTION FOR (i) CONSOLIDATION OF RELATED ACTIONS; (ii) APPOINTMENT AS LEAD PLAINTIFF; AND (iii) APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL**

I, Michael Kiel, pursuant to 28 U.S.C. § 1746, declare as follows:

1. As previously set forth in my certification and the Joint Declaration, I suffered losses of approximately $141,026 from Class Period transactions in Puda Coal common stock. My asserted loss includes losses resulting from transactions undertaken by, among others, Allied Plumbing Services Inc. Profit Sharing Plan and Trust ("Allied Plumbing Plan").[1]

2. The Allied Plumbing Plan is a profit sharing plan and trust established for the benefit of employees working at Allied Plumbing Inc.

3. I am a trustee of the Allied Plumbing Plan and am fully authorized to act on its behalf. This authority includes, among other things, seeking appointment as lead plaintiff in pending class action litigation for losses suffered by the Allied Plumbing Plan. I am able to act on this authority without seeking permission from any other person or entity. As such, any decision to move for appointment as lead plaintiff can (and is made) solely by me.

4. Additionally, any assignment of claims by the Allied Plumbing Plan to recover losses can be executed unilaterally by me without having to seek authorization from any other person or entity.

I declare under penalty of perjury that the foregoing statements with respect to me are true and correct.

Executed on July 5, 2011

_____
Michael Kiel

---

[1] Described as the "Allied Plumbing Services Profit Sharing Plan" in footnote 1 of my Certification.

# Exhibit C

## DECLARATION OF A. DAVID FLOR IN SUPPORT OF THE PUDA COAL INVESTOR GROUP'S MOTION FOR (i) CONSOLIDATION OF RELATED ACTIONS; (ii) APPOINTMENT AS LEAD PLAINTIFF; AND (iii) APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL

I, A. David Flor, pursuant to 28 U.S.C. § 1746, declare as follows:

1. As previously set forth in my certification and the Joint Declaration, I suffered losses of approximately $340,755 from Class Period transactions in Puda Coal common stock. My asserted loss includes losses resulting from transactions executed by myself and Country Neighbors, Inc. ("Country Neighbors").

2. Country Neighbors currently holds assets only for investment purposes. It has no other active operations.

3. I am the president and sole shareholder of Country Neighbors and am the only person responsible for making decisions on its behalf. This authority includes, among other things, seeking appointment as lead plaintiff in pending class action litigation for losses in connection with transactions executed by Country Neighbors. I am able to act on this authority without seeking permission from any other person or entity. As such, any decision to move for appointment as lead plaintiff can (and is made) solely by me.

4. Additionally, any assignment of claims by Country Neighbors to recover losses can be executed unilaterally by me without having to seek authorization from any other person or entity.

I declare under penalty of perjury that the foregoing statements with respect to me are true and correct.

Executed on July 6, 2011                    _____
                                             A. David Flor

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 13, 2011 in New York.

>*/s/ Frederic S. Fox*
> Frederic S. Fox