```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
IN RE PUDA COAL SECURITIES INC.,        :
et al. LITIGATION                       :    11cv2598 (DLC)
                                        :    and all member and
                                        :     related cases
                                        :
This document relates to: ALL ACTIONS.  :    OPINION AND ORDER
                                        :    ACCEPTING REPORT
----------------------------------------X    AND RECOMMENDATION
```

DENISE COTE, District Judge:

On November 17, 2014, the Court entered default against defendant Puda Coal, Inc. ("Puda"), and referred the matter to Magistrate Judge Henry Pitman for an inquest and Report and Recommendation as to damages. On April 1, 2015, the Court entered default against defendant Ming Zhao ("Zhao"), Chairman of the Board of Directors of Puda, and similarly referred the matter to Magistrate Judge Pitman for an inquest and Report and Recommendation as to damages. On August 14, 2016, the plaintiffs submitted Proposed Findings of Fact and Conclusions of Law to Judge Pitman. Puda and Zhao offered no response, despite being provided an opportunity to do so. On January 6, 2017, Judge Pitman issued his Report. The deadline for submitting objections to his Report was January 20, and neither party submitted objections. For the following reasons, and subject to one amendment described below, the Report's recommendations are adopted and a default judgment is entered

against Puda and Zhao, jointly and severally, in the amount of $228 million plus post-judgment interest.

## BACKGROUND

Class representatives Salomón Querub, Howard Pritchard, Hotel Ventures LLC, Steven Weissman, and intervenor Trellus Management Company LLC commenced this class action against defendants Puda, Zhao, and others for violating various provisions of the securities law by falsely representing that Puda owned 90% of an operating subsidiary, Shanxi Coal, and that Puda was a profitable company.

The claims against all of the defendants have been resolved except for the claims against Puda and Zhao.[1] The plaintiffs allege that Puda violated Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. 15 U.S.C. §§ 77k, 77l, 78j(b); 17 C.F.R. § 240.10b-5. The plaintiffs further allege that Zhao violated Sections 11 and 15 of the Securities Act and Section 10(b), Rule 10b-5, and Section 20(a) of the Exchange

---

[1] On October 16, 2015, the plaintiffs settled with defendants Macquarie Capital (USA) Inc. and Brean Murray, Carret & Co. for $7.4 million and $1.2 million, respectively. On December 1, 2015, the plaintiffs settled with defendants C. Mark Tang and Lawrence S. Wizel for $100,000. Preliminary approval has also been given for a settlement in the amount of $125,000 with defendant Moore Stephens, P.C ("MSPC").

Act.  15 U.S.C. §§ 77k, 77o, 78j(b); 17 C.F.R. § 240.10b-5. Defaults were entered against Puda and Zhao on November 17, 2014 and April 1, 2015, respectively,[2] and both matters were referred to Magistrate Judge Pitman to conduct a damages inquest.

## DISCUSSION

When considering a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  SEC v. Boock, 09cv8261 (DLC), 2015 WL 4605286, at *2 (S.D.N.Y. July 31, 2015) (citation omitted).

The Court finds no clear error on the face of the record. In determining the damages recoverable as a result of Puda's and Zhao's violations of the Exchange Act, the Report correctly applied the 90-day lookback provision of the Private Securities

---

[2] Puda failed to answer or move with respect to the Second Consolidated Amended and Supplemental Complaint (the "Complaint").  Although Zhao answered the Complaint, he filed a declaration on February 17, 2015 explaining that he would "not participate in or otherwise continue to defense [sic] of the Actions" due to his lack of financial resources.

3

Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(e),[3] in light of the fact that trading was halted in Puda stock during the 90 days following the initial corrective disclosure.  The Report also correctly deducted the settlement amounts from its damages calculation in accordance with § 21D(f) of the Exchange Act, 15 U.S.C. § 78u-4(f)(7)(B).  Finally, given that the plaintiffs' inquest submissions did not address the damages recoverable as a result of Puda's and Zhao's violations of the Securities Act, it was appropriate for the Report to limit its inquest to damages recoverable as a result of Puda and Zhao's Exchange Act violations.

On January 30, 2017, the Court preliminarily approved one additional settlement in this action in the amount of $125,000.  A fairness hearing for that settlement with defendant MSPC is scheduled for May 10.  In connection with that hearing, the plaintiffs shall submit a proposed judgment against Puda and Zhao reducing that amount in their judgments by the amount for which they seek approval at the hearing.

---

[3] Under the PSLRA, damages may not exceed the "difference between the purchase . . . price . . . and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  15 U.S.C. § 78u-4(e)(1).

4

## **CONCLUSION**

Finding no clear error in Magistrate Judge Pitman's Report, the Report is adopted without modification. The Clerk of Court shall enter judgment against Puda Coal, Inc. and Ming Zhao, jointly and severally, for $228 million. Appellate review of this decision is unavailable because neither party filed written objections to the Magistrate Judge's Report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated:   New York, New York
         February 8, 2017

_____
DENISE COTE
United States District Judge